UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-07-0126 |
| § | |
| STEPHEN RUNEA GLENN, § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Through three Motions to Suppress, Defendant seeks to exclude evidence obtained, and statements made, on the day of his arrest for sale and distribution of crack cocaine. Two evidentiary hearings were held in which witnesses testified for both prosecution and defense, and documents and photographs were introduced as exhibits.

No issues of law have been raised. Rather, the suppression issues turn entirely on the credibility of different witnesses. The divergences among the witnesses will, accordingly, be reviewed briefly.

I. BACKGROUND

The parties are agreed that a Houston Police officer, Donald DeBlanc, was working undercover and that he asked Raymond Thomas to buy some crack cocaine for him. Together they drove over to a residence in the Acres Home area where Mr. Thomas had previously purchased drugs. Officer DeBlanc testified that, from a distance, he could see an object that he later identified as cocaine pass from Defendant to an individual later identified as Brian Harrison, Defendant's uncle. Mr. Thomas then exchanged the money provided him by Officer

DeBlanc for the cocaine and brought it back to Officer DeBlanc in his vehicle. Officer DeBlanc gave the bust signal and then drove away. He returned shortly afterwards to help with arrests.

Defendant denies he was anywhere near the drug transaction. Mr. Thomas also provided testimony that tended to indicate that Defendant had not been involved with the transaction, but his testimony was replete with uncertainty, lapses of memory, and the admission that he had consumed several beers on the morning of the incident.

After the bust, Defendant was detained at the scene. During this period of detention, one of the vehicles at the residence, a Suburban, was identified as belonging to Defendant. The police asked for permission to search the vehicle, which Defendant refused. A drug canine unit was then summoned and the canine alerted on Defendant's vehicle. When the vehicle was searched, drugs and a gun were found. When confronted with the drugs and gun found in the Suburban, Defendant admitted that they belonged to him. Defendant contends that the search of the vehicle was warrantless, that the police did not have reasonable suspicion to detain Defendant while awaiting the canine unit, and that he did not receive his *Miranda* warnings. There is substantial disagreement as to the length of the wait for the arrival of the canine unit. Defendant claims it was as long as one hour, though no other witness thought it was even remotely that long.

The police then transported Defendant to the station where Defendant again confessed that the gun and cocaine found in his vehicle belonged to him. Defendant, however, testified that he once again did not receive his *Miranda* warnings. Mr. Harrison subsequently confessed to being involved in the drug transaction and inculpated Defendant as well.

At some point, the officers claim that they obtained Defendant's signature on a consent form to allow the search of his residence. Defendant claims that the signature on the consent

form is not his. In any event, the search of the home revealed another gun and substantial sums of money.

The evidence before the Court revealed that Defendant's wife, a beautician, brought home roughly $1000 each month. Defendant had not been employed in many months. Defendant testified that the large sums of money found in the house, as well as expensive television sets, were the results of a long period of savings.

Defendant's Motions to Suppress seek to suppress his confession, the search of the vehicle, and the search of the home.

## II. DISCUSSION

The Court found Officer DeBlanc's testimony entirely credible. His assertion that Defendant was directly involved in the drug transaction is corroborated by the subsequent confession of Defendant's uncle. Mr. Thomas's testimony was not credible.

Defendant did not appear to be lying during any part of his testimony. Nonetheless, his testimony simply cannot be credited. This is most conspicuously true of Defendant's account of how he and his wife could afford three vehicles, two wide-screen television sets, and substantial sums of cash. The notion that these trappings of affluence were a product of their long-term thriftiness is implausible. The Court also seriously doubts Defendant's testimony that he was not anywhere near the drug sale, that there was an hour's wait for the canine unit, that he did not receive his *Miranda* warnings, and that someone else affixed his signature to the consent form allowing a search of Defendant's residence.

## III. CONCLUSION

The three Motions to Suppress are **DENIED.**

IT IS SO ORDERED.

SIGNED this 20th day of August, 2007.

                                                KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT